UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:17-cr-00048-JAW |
| | ) | 1:13-cr-00073-JAW |
| JESSE NEWTON | ) | |

**SUPPLEMENTAL BRIEFING ORDER**

At the close of the sentencing hearing on January 19, 2018, the Court ordered counsel to file additional memoranda on whether the Defendant obstructed justice under United States Sentencing Guideline § 3C1.1 and whether the Defendant is entitled to the three-point reduction under United States Sentencing Guideline § 3E1.1. In addition to these issues, the Court orders the parties to address the following issues: (1) whether the cultivation of marijuana (in this case over forty plants) is a federal felony, and (2) what Defendant's position is on the pending motion to strike and motion to seal (ECF No. 32).

At the sentencing hearing on January 19, 2018, the defense asserted that as a matter of law cultivation of marijuana is not a federal felony and the Court took a break and instructed counsel to research the issue. Upon return to the courtroom, the Government produced evidence of another District of Maine case, *United States v. Bradley Stone and Michael Stone*, No. 1:10-cr-00167-JAW, where the defendants were prosecuted, convicted and sentenced after admitting the cultivation of over thirty marijuana plants. The *Stone* Defendants appealed to the Court of Appeals for the First Circuit and the First Circuit affirmed the sentences. *United States v.*

*Bradley Stone and Michael Stone*, Nos. 12-1027, 12-1028 (Jun. 20, 2012). Even so, the *Stone* cases did not directly address the viability of a cultivation of marijuana charge under federal law. The Defendant offered no analysis but stood by his objection. The Court did a quick statutory analysis and concluded that the cultivation of over forty plants of marijuana would constitute a federal felony under 21 U.S.C. § 841(a)(1) as marijuana is a Schedule I drug.

Upon the ruling, the defense equivocated and reserved the right to challenge the Court's conclusion. The Court ORDERS counsel for the Government and the Defendant to brief that issue and specifically ORDERS defense counsel to take a formal position on whether the cultivation of forty or more marijuana plants constitutes a federal felony. This is not a factual issue; it is an issue of law. Therefore, defense counsel does not have the right to put the Government and the Court to a burden of proof and without more, reserve the right to challenge the legal conclusion on appeal. If defense counsel has a good faith basis for contending that the cultivation does not constitute a federal felony, the Court requires defense counsel to explain why with specific citations to statutory and case law so that the Court may arrive at the correct conclusion with the benefit of argument. If defense counsel does not present an argument in favor of his position, the Court may deem his objection waived.

In addition, on January 18, 2018, the Government filed a motion to strike and motion to seal certain portions of the deposition testimony of Dustyn Wood. The time for the defense to take a position on that motion has not yet expired. The Court is resetting the response deadline for the Defendant to respond to motion to strike and

seal to coincide with the Defendant's response deadline on the obstruction of justice and acceptance of responsibility issues. The Government may reply to the Defendant's response in its reply memorandum on the other issues.

In sum, the Court ORDERS the Government and the Defendant to supplement their memoranda to include for the Government whether cultivation of marijuana in the circumstances of this case constitutes a federal felony, and for the Defendant to include whether the cultivation of marijuana in the circumstances of this case — assuming the Court's factual finding that the Defendant did in fact cultivate the marijuana found on or near his mother's residence — would constitute a federal felony and the Defendant's position on the motion to strike and motion to seal. The deadlines for the filing of the memoranda on these issues is the same as set by the Court on January 19, 2018: (1) the Government's memorandum is due on or before February 12, 2018, (2) the Defendant's memorandum is due on or before February 28, 2018, and (3) the Government's reply is due on or before March 7, 2018.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2018